| | | |
|---|---|---|
| SANDRA T. EGGLESTON, | ) | CASE NO. 4:05CV00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 7, 2003 application for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 40 years old at the time with a high school education, and with past relevant work as a textile plant worker, fast food worker, janitor, screen printing worker and distribution worker, was insured for disability benefits through the date of his decision. (R. at 13-14, 20.) The Law Judge found that plaintiff suffered fibromyalgia, obesity, gastroesopageal reflux disease, and hypertension, which were severe impairments but not sufficiently severe to meet or equal any listed impairment. (R. at 17.) The Law

Judge specifically concluded that plaintiff suffered no severe mental impairment. (R. at 16.) Finding that plaintiff retained the residual functional capacity to occasionally lift/carry 20 pounds, and frequently lift/carry 10 pounds, and to sit/stand/walk for up to 6 hours in an eight-hour day, the Law Judge was of the view that plaintiff could perform a "majority of her past relevant work[1]." (R. at 19, 20.) Thus, he found plaintiff not disabled at the fourth level of the sequential evaluation.

The Appeals Council determined there was no basis in the record to review or change the Law Judge's decision, and it denied review. (R.4-6.) Thus, the Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

Plaintiff seeks summary judgment essentially on the grounds that the Law Judge's assessment of her residual functional capacity and his determination that she suffers no severe mental impairment are not supported by substantial evidence. She further claims that in arriving at these determinations, the Law Judge failed to properly evaluate plaintiff's mental impairment, failed to give proper credit to her treating source evidence, and failed to properly consider the other medical evidence in the case which document her mental impairment and its effects.

Alternatively, plaintiff contends that the recent medical evidence she attached to her brief shows her becoming increasingly more withdrawn and unable to participate in daily activities. Pl.'s Memorandum, Exhibit 1-TAB A and B. Plaintiff believes the evidence is new and material to a determination of her claims, and plaintiff seeks remand for further proceedings where the Commissioner will be given an opportunity to consider and make findings regarding this new evidence.

The Commissioner responded on October 11, 2005. She believes the Law Judge's decision regarding the nature and extent of plaintiff impairments and her residual functional

---

[1]The Law Judge concluded that plaintiff could return to her past relevant work as a textile plant worker, fast food worker, janitor, and screen printing worker. (R. at 20.)

capacity are supported by substantial evidence. The Commissioner does not believe the plaintiff discharged her burden to show otherwise, and she is of the view that plaintiff's treating sources failed to identify any limitations on her which precluded her from performing jobs encompassed by her past relevant work. In particular, the Commissioner points to the evidence offered by John Mahoney, M.D., and Jon Cargo, M.D., two treating doctors, essentially as revealing negative objective testing and normal function, notwithstanding diagnoses of a potential brain tumor[2], fibromyalgia, hypertension and musculoskeletal strain with pain. (R. at 162-164, 173-177, 220-237.) Def.'s Brief at 11-12. The Commissioner believes that Dr. Cargo's opinion and long-term prognosis that plaintiff is totally disabled is not supported by any evidence in the record, especially when his records reveal moderation of much of plaintiff's symptomology thereafter. (Compare R. at 224-227 with 228.) The Commissioner asserts the record evidence supports the Law Judge's finding that plaintiff has no severe mental impairment in that the mental impairment did not significantly impact her work-related capacity. In that connection, the Commissioner points to the evidence that plaintiff's depression was situational and had improved with routine medication and therapy. (R. at 35-36, 208-219, 224.)

The evidence offered on judicial review consists of a psychiatric evaluation and additional reports of visits to Dr. Cargo of Carillon Medical Associates. While there may have been some speculation about whether plaintiff suffered a brain tumor, the psychiatric assessment, in the main, reveals a medical diagnosis of major depression with fibromyalgia, but most clearly demonstrates that life stressors, including raising three children and financial strain, are at the root of plaintiff's mental status. Exhibit 1-TAB A. Moreover, the evidence from Dr. Cargo simply reiterates much of the extant evidence concerning plaintiff's high blood pressure and headaches,

---

[2]The record reflects that plaintiff informed Dr. Cargo her obstetrician/gynecologist suspected a brain tumor and was following her for that condition. (R. at 220.) There is no empirical evidence that such a tumor exists, or that it affected plaintiff's functional capacity.

3

demonstrating improvement in those conditions with medication but with a deterioration in plaintiff's morbid obesity (5'1" and 248 pounds). *Id.* at TAB B.

While the undersigned acknowledges that plaintiff did suffer injuries as a result of a motor vehicle accident in 2003, and while the undersigned can sympathize with plaintiff's circumstances and the stress they bring, her own medical evidence belies that she is disabled from all forms of her past relevant work. The treating physicians offer opinions about plaintiff's work-related capacity which go far beyond that which the medical evidence can support, and the evidence offered on judicial review fails to present anything new except a deterioration in her obesity. In other words, the Commissioner's final decision is supported by substantial evidence.

Accordingly, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.A. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk also is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
United States Magistrate Judge

DATE: 10/20/05