IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SANDRA T. EGGLESTON, | ) |
| | ) Case No. 4:05-CV-00027 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendant. | ) |

Before me is the *Report and Recommendation* of the United States Magistrate Judge. The Magistrate Judge recommends affirming the Commissioner's final decision which denied the Plaintiff's claim for benefits, and recommends granting judgment to the Defendant. The Plaintiff filed *Objections to the Magistrate's Report and Recommendation*. I reviewed the Magistrate Judge's *Report and Recommendation*, the Plaintiff's *Objections*, and relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **adopt** the Magistrate Judge's *Report and Recommendation* and **will overrule** the Plaintiff's *Objections*. The Commissioner's final decision denying the Plaintiff's claim for benefits will therefore be **affirmed,** and judgment will be **granted** for the Defendant. This case will be **dismissed** from the docket of this Court.

**I.   STATEMENT OF FACTS**

Sandra Eggleston ("Plaintiff"), who was forty years old at the time she applied for benefits, has a high school education and has past relevant work as a textile plant worker, fast food worker, janitor, screen printing worker, and distribution worker. (R at 13-14, 20.) The Plaintiff was insured for benefits through the date of the Commissioner's final decision. (*Id.*) In

1

this case, the Administrative Law Judge ("ALJ") found that the Plaintiff suffered from fibromyalgia, obesity, gastroesophageal reflux disease, and hypertension, which were severe but not impairments sufficiently severe to meet or equal any listed impairment. (R. at 17.) The ALJ specifically concluded that the Plaintiff suffered no severe mental impairment (R. at 16.) The ALJ also found that the Plaintiff retained the residual functional capacity to occasionally lift/carry twenty pounds, and frequently lift/carry ten pounds, and to sit/stand/walk for up to six hours in an eight hour day; the ALJ found that the Plaintiff could perform a "majority of her past relevant work." (R. at 19,20).

The Appeals Council held that there was no basis in the record to review or change the ALJ's decision; accordingly it denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. at 4 – 6.)

## II.     STANDARD OF REVIEW

Congress limits judicial review of decisions by the Social Security Commissioner. This Court is required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *See also, Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Fourth Circuit has further defined substantial evidence as being more than a scintilla but less than a preponderance. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner of Social Security is charged with evaluating the medical evidence,

2

assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence, then this Court must affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

It is well established that disability determinations are governed by the provisions of 20 C.F.R. § 404.1520 (2003). Under the five-step evaluation procedure, the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work; and (5) if so, whether other work exists in significant numbers in the national economy that accommodate his residual functional capacity and vocational factors. *See Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). The burden of proof remains with the claimant through the fourth step; however, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to show that other jobs exist in the national economy that the claimant can perform. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

## III.  DISCUSSION

The Plaintiff in this case filed a *Motion for Summary Judgment* in which she argued that the ALJ's assessment of her residual functional capacity and his finding that she suffers no

severe mental impairment are not supported by substantial evidence. The Plaintiff further argued that the ALJ failed to properly evaluate her mental impairment, failed to give proper credit to her treating source evidence, and failed to properly consider the other medical evidence in the case which documents her mental impairment and its effects. The Plaintiff also alleged that she had new medical evidence material to her claims, showing her becoming increasingly more withdrawn and unable to participate in daily activities, which she believes should be remanded to the Commissioner for evaluation.

The Commissioner responded to the Plaintiff's *Motion for Summary Judgment* by arguing that the ALJ's findings were based on substantial evidence. The Commissioner points out that the Plaintiff's treating sources failed to identify any limitation s which precluded her from performing jobs encompassed by her past relevant work. Particularly, the Commissioner believes that the opinion expressed by the Plaintiff's physician Dr. Cargo, that the Plaintiff is totally disabled, is not supported by sufficient evidence in the record. The Commissioner argues that the evidence in the record supports the ALJ's finding that the Plaintiff has no severe mental impairment which significantly impacts her work-related capacity.

In his *Report and Recommendation*, the Magistrate Judge stated:

> While the undersigned acknowledges that plaintiff did suffer injuries as a result of a motor vehicle accident in 2003, and while the undersigned can sympathize with plaintiff's circumstances and the stress they bring, her own medical evidence belies that she is disabled from all forms of her past relevant work. The treating physicians offer opinions about plaintiff's work-related capacity which go far beyond that which the medical evidence can support, and the evidence offered on judicial review fails to present anything new except a deterioration in her obesity. In other words, the Commissioner's final decision is supported by substantial evidence.

In her *Objections* to the Magistrate's *Report and Recommendation,* the Plaintiff argues that the ALJ and the Magistrate have failed to recognize the severity of the Plaintiff's depression

4

in spite of the Plaintiff's physician diagnosing her with major depression. The Plaintiff argues that the evidence in the record does not support the Commissioner's assertion that the Plaintiff's depression was merely situational and improved with routine medication and therapy. (R. at 35–36, 208-219, 224.) Instead, the Plaintiff points out that the record contains testimony from the Plaintiff that counseling has helped but that her depression continues and has caused her great difficulty in motivating herself to do anything at all. (R. at 35 – 36, 208 – 219, 224.)

Substantial evidence exists in the pages of the record cited by the Plaintiff in her *Objections* to warrant the ALJ's finding that the Plaintiff has no severe mental impairment. The notes on pages 208 – 219 of the record, taken during the Plaintiff's depression treatment sessions at Piedmont Community Services, do elaborate on the nature and severity of the Plaintiff's depression. Additionally, as stated by the Plaintiff in her Objections, the Plaintiff does state on page thirty-five of the record that her depression often makes her feel like not doing anything. However, the Plaintiff also says on page thirty-five of the record that her treatment sessions have helped with her depression.

The Plaintiff's physician, Dr. Cargo, did note during a visit on July 1, 2004 on page 224 of the record, that the Plaintiff's depression was "unchanged," presumably since her prior visit recorded on April 21, 2004 and on page 226 of the record. However, the notes made by Dr. Cargo on July 1, 2004 make no other mention of the alleged severity of the Plaintiff's depression. Instead, the notes from July 1, 2004 show that the Plaintiff was seeing Dr. Cargo for other reasons unrelated to depression: "Patient has problems with the right part of her back, right lower part of her back. She has no other complaints."

Furthermore, the ALJ expressly lists the substantial evidence from the record on which

5

he relied in finding that the Plaintiff's mental impairment is not severe:

> There is no indication that the claimant's daily activities or her ability to perform basic work activities is limited or restricted in any way by a mental or emotional impairment. The record shows that the claimant provides a home for herself and her children, and cares for a 6-month old child. The claimant prepares some meals and shops, with the assistance of her children. The claimant reads the Bible daily and attends church. Therefore, the undersigned finds that the claimant's allegation of depression does not impose more than a minimal effect on her functional capabilities and is not a severe impairment. (R. at 16.)

In her *Objections*, the Plaintiff also argues that the ALJ committed reversible error by failing to give adequate weight to the opinions of the Plaintiff's physician Dr. Cargo. The Plaintiff cites the Fourth Circuit for the proposition that the treating physician's opinion is entitled to greater weight and may be disregarded only if there is persuasive contradictory evidence. *See, Mitchell v. Schweicker*, 699 F.2d 185 (4th Cir. 1983). The Plaintiff argues that the opinion of Dr. Cargo, that the Plaintiff is totally disabled, is well supported by medical records and should have been assigned greater weight by the ALJ.

I disagree with the Plaintiff's argument because I believe that substantial evidence exists, that persuasive evidence which contradicts Dr. Cargo's opinion exists, to show that the Plaintiff is not totally disabled. Again, the ALJ expressly cites the evidence on which he relied to contradict Dr. Cargo's opinion:

> The undersigned gives little weight to Dr. Cargo's March 2004 opinion that the claimant is totally disabled by her fibromyalgia and fatigue. This opinion appears to be based on the claimant's subjective complaints of pain and is not supported by any clinical findings. As indicated above, the level of claimant's activities does not support a finding of disability. The undersigned notes that Dr. Cargo repeatedly told the claimant that she needed to increase her activity, exercise and lose weight. (R. at 19.)

The Plaintiff finally argues in her *Objections* that the new evidence which she filed with her *Motion for Summary Judgment* and which did not exist at the time of the hearing before the

ALJ, is material to the issue of whether the Plaintiff is disabled.  The Plaintiff contends that because the ALJ determined that the Plaintiff was functioning fairly well, this new medical evidence documents that the Plaintiff's conditions are more severe than the ALJ thought at the time of his decision, and should therefore be reviewed.

The supplemental evidence that has been submitted by the Plaintiff appears to add little to the record on which the ALJ relied in denying the Plaintiff benefits.  I believed that this new information is less than enlightening, and that is does not warrant remanding this case to the ALJ for him to determine whether it would change his opinion in this case.  Instead, having found herein that such substantial evidence did exist in the record before the ALJ to substantiate his findings, I can only affirm the ALJ's decision.

**IV.     CONCLUSION**

For the reasons stated herein, I will **adopt** the Magistrate Judge's *Report and Recommendation* and **will overrule** the Plaintiff's *Objections.*  The Commissioner's final decision denying the Plaintiff's claim for benefits will therefore be **affirmed,** and judgment will be **granted** for the Defendant.  This case will be **dismissed** from the docket of this Court.

The clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 10th day of February, 2006.

                                               s/Jackson L. Kiser
                                               Senior United States District Judge